UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 17-1759, 17-1785, 17-1910, and 17-2321

**Caption [use short title]**

**Motion for:** withdrawal as counsel and appointment of new CJA counsel

Set forth below precise, complete statement of relief sought:

For the reasons set forth in the attached affirmation of Harry Sandick, Harry Sandick and George B. Fleming request to be relieved as counsel to appellant-defendant William Cosme. It is further requested that new CJA counsel be appointed to represent Mr. Cosme.

United States v. Cosme

**MOVING PARTY:** William Cosme     **OPPOSING PARTY:** United States of America

☐ Plaintiff     ☐ Defendant
☒ Appellant/Petitioner     ☐ Appellee/Respondent

**MOVING ATTORNEY:** Harry Sandick     **OPPOSING ATTORNEY:** Noah Solowiejczyk

[name of attorney, with firm, address, phone number and e-mail]

Patterson Belknap Webb & Tyler LLP     Assistant U.S. Attorney
1133 Avenue of the Americas     One St. Andrew's Plaza, New York, New York 10007
(212) 336-2723, E-mail: hsandick@pbwt.com     (212) 637-2473, E-mail: noah.solowiejczyk@usdoj.gov

**Court- Judge/ Agency appealed from:** United States District Court, Southern District of New York, Hon. Loretta A. Preska

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
☒ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☒ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☒ No If yes, enter date: _____

**Signature of Moving Attorney:**
/s/ Harry Sandick     Date: 11/5/18     Service by: ☒ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

```
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------------- x
UNITED STATES OF AMERICA,              :
                                       :
                    Appellee,          :    AFFIRMATION
                                       :
       - v. -                          :    Nos. 17-1759, 17-1785, 17-1910,
                                       :    and 17-2321
WILLIAM COSME,                         :
                                       :
                    Defendant-Appellant.:
------------------------------------------------------------- x
```

HARRY SANDICK, pursuant to Title 28, United States Code, Section 1746, hereby affirms under penalty of perjury:

1. I am a partner at Patterson Belknap Webb & Tyler LLP and I represent William Cosme, defendant-appellant in this appeal, pursuant to an appointment under the Criminal Justice Act. I did not represent Mr. Cosme in his proceedings before the district court, but rather was appointed to represent Mr. Cosme by this Court in this appeal. I respectfully submit this Affirmation in support of my application to be relieved as counsel, and for a new attorney to be appointed to represent Mr. Cosme for the balance of these proceedings.

2. Appellant William Cosme appeals from the judgment of the Honorable Loretta A. Preska, United States District Judge, Southern District of New York, entered on July 18, 2017, following his conviction at trial on both counts of an two-count indictment. On July 18, 2017, Judge Preska sentenced Mr. Cosme principally to 111 months' imprisonment. Mr. Cosme was detained at the conclusion of his trial based on the district court's conclusion that Mr. Cosme was "a risk of flight in light of his outright unwillingness to abide by orders of the Court," including his statements "that the Court has no jurisdiction over him [and] that the Court is illegitimate[.]" Mr. Cosme is currently serving his sentence.

3. In the present appeal, Mr. Cosme's prior counsel moved to be relieved on November 30, 2017. On December 4, 2017, the Court granted that motion and appointed the undersigned as counsel. Our opening brief on appeal was filed on June 12, 2018. On July 3, 2018, this Court granted our application to permit Mr. Cosme to file a supplemental pro se brief in support of his appeal. After two subsequent adjournments, this supplemental pro se brief is now due on November 26, 2018.

4. We are making this application to the Court due to a serious breakdown in communications with Mr. Cosme that cannot be repaired. In this affirmation, we have avoided disclosing privileged communications, in order to protect Mr. Cosme's interests, but we are prepared to make a supplemental sealed submission in support of this application if the Court requests such a submission.

5. We are not Mr. Cosme's first counsel in his federal prosecution. In the district court, approximately eight sets of lawyers and law firms (some retained and some court-appointed) represented Mr. Cosme during pretrial and trial proceedings. In addition, Mr. Cosme represented himself during significant portions of the district court proceedings, until the district court ruled that by his conduct, Mr. Cosme had forfeited his right to self-representation. Prior appellate counsel asked to be relieved after approximately three months of representing Mr. Cosme, based on "irreconcilable differences between Mr. Cosme and [him] concerning how to litigate the appeal" and because he had "lost Mr. Cosme's trust."

6. Throughout our representation of Mr. Cosme, we have taken all reasonable steps to understand his concerns and to advocate in his best interest, based on our experience in criminal appellate litigation. To this end, we participated in at least 15 inmate calls (most lasting between one and two hours) with Mr. Cosme over the past 10 months, and also exchanged many

emails during that same time period. We sent box loads of documents to Mr. Cosme at his request, including substantially all of the voluminous district court record. We consulted closely with Mr. Cosme about the issues to present on appeal and his input played a part in our selection of the issues the present on appeal. In many instances, we made applications based on Mr. Cosme's express requests to us. For example, we successfully opposed the government's motion for a limited sentencing remand. We also asked this Court to permit Mr. Cosme to file a supplemental pro se brief, and the Court granted that application. Mr. Cosme asked that certain of his former counsel's communications with the district court be unsealed for use in his supplemental pro se appellate brief, and we made that application to the district court, which was granted last month. In other instances, we declined to take certain steps requested by Mr. Cosme based on our professional judgment and our assessment of the relevant facts and law.

7. For several months, Mr. Cosme has questioned our decisions and insisted that other counsel would have made different decisions and presented different arguments than those we elected to present. We have encouraged Mr. Cosme to present such arguments directly to the Court in his forthcoming pro se supplemental brief and have assured him that the Court would give those arguments all due consideration. We had hoped to continue to represent Mr. Cosme notwithstanding these ongoing differences of opinion (which were often expressed by Mr. Cosme in intemperate language) and to continue to advocate for the reversal of his conviction and sentence. However, in an email sent to me on October 31, 2018, Mr. Cosme stated, in substance, that he wished for new counsel to be appointed due to our irreconcilable differences concerning the direction of his appeal. He also questioned my loyalty to him as a client. In light of these accusations (which are untrue) and his request for new counsel, we cannot continue to represent Mr. Cosme on appeal.

8. Accordingly, at our client's apparent request and based on our belief that continued representation is no longer possible given his recent accusations, we ask to be relieved as counsel. We ask that the Court appoint new counsel for Mr. Cosme for the balance of this appeal.

9. George B. Fleming, an associate at my firm, also appeared on behalf of Mr. Cosme and has assisted me in our representation of Mr. Cosme. We also ask that Mr. Fleming be permitted to withdraw.

10. Counsel for the government does not object to the relief sought in this application.

11. No prior application has been made for the relief sought herein.

12. A copy of this application is being served by United States mail on Mr. Cosme.

13. Based on the foregoing, we respectfully request that the Court relieve us as counsel and that new counsel be appointed for Mr. Cosme.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
November 5, 2018

/s/ *Harry Sandick*
HARRY SANDICK
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2723
Fax: (212) 336-1215

4